IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BOBBY WAYNE HALEY, JR.,

                                Petitioner,

        v.

LOUIS WILLIAMS II,

                                Respondent.

ORDER

17-cv-192-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Federal prisoner Bobby Wayne Haley, Jr. has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging a sentence enhancement he received in 2007 under U.S.S.G. § 4B1.1 for being a "career offender," a status that applies under certain circumstances to a defendant with at least two prior convictions for a "controlled substance offense," among other things. Relying on United States v. Mathis, 136 S. Ct. 2243 (2016), petitioner contends that two of his prior convictions do not qualify as controlled substance offenses, that he would not meet the requirements for being a career offender under the sentencing guidelines without those convictions and that he could have received a significantly lower sentence without the career offender enhancement. In a supplement that he filed several weeks later, petitioner also challenges the sentencing court's reliance on a third prior conviction on the ground that the conviction was recently reduced "retroactively" from a felony to a misdemeanor.

1

I cannot consider the merits of the petition because petitioner's claims are foreclosed by circuit precedent. In Hawkins v. United States, 724 F.3d 915, 916 (7th Cir. 2013), the court of appeals reaffirmed its previous holding in Hawkins v. United States, 706 F.3d 820 (7th Cir. 2013), that "an error in calculating a defendant's guidelines sentencing range does not justify post conviction relief unless the defendant [was] sentenced in the pre-Booker era, when the guidelines were mandatory rather than merely advisory." See also United States v. Coleman, 763 F.3d 706, 708–09 (7th Cir. 2014) (recognizing that Hawkins is "the law of this circuit"). In this case, petitioner is challenging the sentencing court's application of the sentencing guidelines and he acknowledges that he was sentenced in 2007, two years after the Supreme Court held that the guidelines are advisory in United States v. Booker, 543 U.S. 220 (2005). Thus, Hawkins applies and petitioner cannot rely on Mathis or any other change in the law to challenge his status as a career offender in a post conviction proceeding.

Although Hawkins involved a motion under 28 U.S.C. § 2255 rather than a petition under 28 U.S.C. § 2241, I see no basis for distinguishing Hawkins on that ground. As noted above, the court's ruling is not limited to § 2255 motions, but applies to all "postconviction relief." Further, the court of appeals reasoned in Hawkins that a prisoner could not challenge a sentencing guideline error in a § 2255 motion because such an error was not a "miscarriage of justice" in light of the fact that the guidelines do not affect the statutory maximum, so the sentencing court would be entitled to impose the same sentence even if the case were remanded. Hawkins, 706 F.3d at 825. Because a petitioner seeking relief under

2

§ 2241 must also show that denying relief would result in a "miscarriage of justice," e.g., Brown v. Rios, 696 F.3d 638, 640 (7th Cir. 2012), the reasoning in Hawkins applies equally to a § 2241 petition.

The only wrinkle relates to two cases that petitioner cites. First, in Brown v. Caraway, 719 F.3d 583, 594–96 (7th Cir. 2013),the court stated that a prisoner may bring a § 2241 petition "to challenge the misapplication of the career offender Guideline, *at least where*, as here, the defendant was sentenced in the pre-Booker era." Brown, 719 F.3d at 588 (emphasis added). Although Brown was decided after Hawkins, the court did not cite the case. The court's use of the phrase "at least" seems to suggest that it remains an open question whether a prisoner may bring a § 2241 petition to challenge a post-Booker application of the sentencing guidelines.

Second, in Dawkins v. United States, 829 F.3d 549 (7th Cir. 2016), the prisoner tried to bring a successive § 2255 motion in order to challenge his status as a career offender, relying on the Supreme Court's new interpretation in Mathis. The court of appeals declined to authorize a successive motion on the ground that "only new rules of constitutional law, made retroactive by the Supreme Court, can provide a basis for authorization." Dawkins, 829 F.3d at 551. The court then stated that "[a]n independent claim based on Mathis must be brought, if at all, in a petition under 28 U.S.C. § 2241." Id. Again, the court of appeals did not address the effect that Hawkins could have on the prisoner's claim.

Although Brown and Dawkins could be interpreted as opening the door to a claim like petitioner's, I do not believe that either case is instructive. In neither case did the court

3

purport to overrule Hawkins or undermine its holding. Because Hawkins is directly on point, I conclude that it is controlling and requires dismissal of this petition, despite more ambiguous language in the other cases.

I acknowledge that some district courts recently have allowed claims like petitioner's to proceed past the screening stage. E.g., Stewart v. Werlich, 2017 WL 1348001, at *4 (S.D. Ill. 2017); Kennedy v. Warden, 2017 WL 1167322, at *2 (S.D. Ill. 2017). However, none of those courts acknowledged Hawkins, so those decisions are not persuasive.

Under Rule 11 of the Rules Governing Section 2254 Cases (which applies to cases under § 2241 as well), the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because Dawkins and Brown create some ambiguity, there is some room for debate regarding how the court of appeals might resolve petitioner's claim. Accordingly, I will issue petitioner a certificate of appealability.

ORDER

IT IS ORDERED that

1. Petitioner Bobby Wayne Haley's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

2. Petitioner is GRANTED a certificate of appealability.

3. The clerk of court is directed to enter judgment and close this case.

Entered this 22d day of May, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge